IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICCI B. PYLE, SR.                                                    PLAINTIFF

v.                              CIVIL NO. 08-2008

RICHARD R. STONE d/b/a
CENTURY ASSOCIATES
and RUSSELL R. ENDEAN                                                 DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On October 17, 2008, defendant Russell B. Endean, filed a Motion for a Protective Order. (Doc. No. 13). October 27, 2008, plaintiff filed his response. (Doc. No. 14). This motion was referred to the undersigned for disposition or recommendation on October 29, 2008. (Doc. No. 15).

In his motion, Mr. Endean argues plaintiff's subpoena on Citizen's Bank for his bank records is overly broad and covers too many years. In response, plaintiff states that the actions of defendants giving rise to this suit occurred in January of 2005, and that plaintiff had requested bank records, tax returns and other financial and business records for the period January 1, 2005, to date. (Doc. No. 14, p. 1). Plaintiff states Mr. Endean responded that the records were not available so plaintiff sent a subpoena to the bank identified in defendants discovery responses. Plaintiff argues that a request for three full years of financial records is not unreasonable and is reasonably calculated to lead to admissible evidence. Plaintiff states because Mr. Endean stated he did not have copies of the bank records, plaintiff sought to obtain the records from the bank at plaintiff's expense.

The Federal Rules of Civil Procedure provide for liberal discovery. Fed. R. Civ. P. 26(b)(1). *See also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Specifically, Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

When a party objects to the opposing party's manner of conducting discovery the proper remedy is to seek a protective order. *See e.g., Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1325 (11th Cir. 2002). Federal Rule of Civil Procedure 26(c) authorizes entry of a protective order upon a party or by the person from whom discovery is sought when good cause is shown. "'Good cause' exists, according to Rule 26(c), when justice requires the protection of 'a party or a person from any annoyance, embarrassment, oppression, or undue burden or expense.'" *United States v. Miracle Recreation Equip. Co.,* 118 F.R.D. 100, 104 (S.D.Iowa 1987).

The burden of establishing good cause for a protective order rests on the movant. *See e.g., General Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir. 1973). To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 Fed.Appx. 498, 500 (6th Cir. 2001)(citations omitted); *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978).

AO72A
(Rev. 8/82)

A thorough review of the motion reveals Mr. Endean does not articulate specific facts showing a specific harm that would arise from disclosure of the bank records requested. Rather, Mr. Endean argues that plaintiff's request is overly broad and covers too many years.

I find Mr. Endean has not met his burden establishing good cause for a protective order and that the request for three full years of bank records is not unreasonable. Based on the above, I recommend that the motion for a protective order be denied..

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of October 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE