IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**RICCI B. PYLE, SR.**                                                              **Plaintiff**

v.                             Civil Action No. 08-2008

**RICHARD R. STONE d/b/a
CENTURY ASSOCIATES
and RUSSELL R. ENDEAN**                                            **Defendants**

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

**THE PARTIES AGREE** to the following stipulated factual findings, which the Court adopts and incorporates by reference:

### I. JURISDICTION AND VENUE

This case concerns claims of improper and deceptive invention promotion, unauthorized practice of law, fraud, and deceptive advertising. This Court has original jurisdiction over this action under 28 U.S.C. §§1331, 1332(a)(1) and 2202. This Court maintains jurisdiction for the common law cause of action based upon the principles of supplemental jurisdiction, 28 U.S.C. §1367, because the claim is so related to claims in the action within such original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

In addition to jurisdiction based upon a federal question, there is jurisdiction under 28 U.S.C. § 1332(a) because of diversity of citizenship in that Plaintiff is a citizen of the State of Arkansas and Defendants are citizens of another state, and the amount in controversy in excess of $75,000, exclusive of interest and costs.

This Court has personal jurisdiction under Ark. Code Ann. § 16-4-101 et seq. over the defendants in that the defendants have advertised in this judicial district and have intentionally targeted tortious conduct in the State of Arkansas and such conduct establishes the constitutionally required minimum contacts with this State. Venue is proper in this Court by virtue of 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## II.  THE PARTIES

Plaintiff, Ricci B. Pyle, Sr., ("Pyle") is a resident of Greenwood, Arkansas. Defendant Russell R. Endean is a resident of Pittsburgh, Pennsylvania, although at the time of the alleged events was a resident of Miami, Florida.. "Richard R. Stone" is an alias used by Mr. Endean and Century Associates is a registered ficticious name in the State of Florida registered to the ficticious Richard R. Stone, who is actually Mr. Endean. (Endean, Stone and Century Associates will all be referred to collectively as "Endean").

## III.  FACTUAL BACKGROUND

On or about December 30, 2004, Endean advertised in the Thrifty Nickel, an advertising publication of American Classifieds, 3025 Grand Avenue, Fort Smith, Arkansas. The advertisement stated "INVENTORS PATENT and Sell! $$$$ 1-888-528-6766". On or about January 31, 2005, Pyle responded to the advertisement and was contacted by Endean, who identified himself as Richard R. Stone, the "Chief Technologist" for Century Associates, Research and Development Division. All correspondence by Endean to Pyle was under the alias Richard R. Stone. Endean stated in a letter that "Century Associates will now assist you in every

aspect of protecting your idea." The marketing materials referenced "South Florida Better Business Bureau: www.bbb.org". Neither Endean nor his aliases are members of the Better Business Bureau in South Florida or anywhere else.

Endean sent Pyle an "Agreement of Secrecy" signed by him, and Pyle replied with a disclosure of his invention ideas as described in the Confidential Disclosure and Record of his invention, known as "Mailcall" dated January 31, 2005. By letter dated February 1, 2005, Endean referenced his "recommended a U.S. Patent Search for 'mailcall'". The letter stated "The purpose of patent research is to determine a product's uniqueness and originality, and whether a patent, or some other type of protection, is likely, which helps to state the product for marketing." The letter included a statement, billing Pyle $590 for a "U.S. Preliminary Patent Search". Pyle signed the agreement dated February 1, 2005, agreeing to pay the $590 for a patent search.

Pyle paid Century Associates $590 for the U.S. Preliminary Patent Search, which was never performed by Endean, by any registered patent attorney or registered patent agent or anyone else. On our about February 14, 2005, Endean sent Pyle a letter with a proposed press release about Pyle's Mailcall invention and requested Pyle's approval and a photograph of Pyle.

On or amount February 15, 2005, Pyle executed a Disclosure Document Deposit Request prepared by Endean for submission to the U.S. Patent and Trademark Office. By letter dated February 15, 2005, Endean notified Pyle that the Disclosure Document Disclosure Request had been filed with the U.S. Patent and Trademark Office and that he would receive a receipt in 4-6 weeks. Endean stated "this step marks the completion of the Patent Search, and satisfies our contract with you." However, Endean had actually never performed any patent search as stated above.

By another letter dated February 15, 2005, Stone sent Pyle a Provisional Patent Application Contract and Licensing Representation Contract. The Provisional Patent Application Contract provided that Pyle would pay $3,500 for filing a "U.S. Provisional Patent". However, if the accompanying representation contract was executed, the cost would drop from $3,500 to $950. In either situation, Pyle also agreed to pay Endean a 15% royalty on all proceeds from licensing the invention.

The Licensing Representation Agreement executed by Endean on February 15, 2005 and by Pyle on February 23, 2005 provided that Pyle would pay Century Associates $4,950 for a 12-month contract where it would market the Mailcall invention to 100 manufacturers and attempt to license the invention with Century Associates receiving a 15% royalty on any proceeds.

Defendants made no bona fide attempts to market or license the invention.

On or before February 25, 2005, Century Associates counseled and advised Pyle on how to raise money from family and friends to pay for Century Associates' fees. Century Associates prepared the following documents:

(1) Announcement and Limited Offer (Private) for shares at $500 per share for "U.S. Patent Application and Representation; Licensing Representation", and identified Century Associates as "Representative". The offering document indicated a deadline of March 7, 2005.

(2) Investment Agreement for Pyle as Inventor and others as Investors providing that in exchange for cash the Investor would receive a percentage of royalties from licensing. The Investment Agreement indicates that the cash will be applied toward the "representation of the invention, (e.g. Patenting, Marketing representation, Licensing representation)." and

(3) Non-Disclosure and Secrecy Agreement between Pyle as Inventor and the Investors to protect the confidentiality of the Mailcall invention. .

Endean sent Pyle an undated letter with the documents to be used with raising money from third party investors. In the letter, he states "Do not give the investor my phone number,

please." Based upon the representations and advice and counsel of Endean and with the documents he provided, Pyle raised $5,000 from family and friend to fund the fees of Endean.

On or about February 28, 2005, Endean signed a provisional patent application on behalf of Pyle and submitted it to the U.S. Patent and Trademark Office. Endean is not registered to practice before the U.S. Patent and Trademark Office in the prosecution of patent applications. On or about March 6, 2005, Endean wrote Pyle requesting that he execute a Small Entity Declaration Letter for submission to the U.S. Patent and Trademark Office and requested that Pyle pay an additional $400.

Endean and his aliases Century Associates and Richard R. Stone constitute an "invention promoter" within the meaning of the 35 U.S.C. § 297 (c)(3) which entered into a "contract for invention promotion services" within the meaning of 35 U.S.C. § 297(c)(1). Endean failed to make the disclosures required by 35 U.S.C. § 297(a) prior to entering into a contract for invention promotion services. Endean made material false statements or representations to Pyle and omitted material facts and failed to make required disclosures to Pyle pursuant to 35 U.S.C. § 297(a). As a result of such acts and omissions of Endean, Endean engaged in improper and deceptive invention promotion causing Pyle to suffer actual damages, costs and attorneys fees.

Endean is not an attorney and is certainly not an attorney licensed to practice in the State of Arkansas. Neither is Endean an attorney or agent registered to practice before the U.S. Patent and Trademark Office. By advertising within the State of Arkansas and representing to clients within the State of Arkansas that Endean would obtain patent protection for Plaintiff, Endean induced the Plaintiff into relying upon Endean for legal representation.

Endean prepared contracts, securities offering documents and patent filing documents and sent them into the State of Arkansas for execution by the Plaintiff as his client. Such acts constitute the unauthorized practice of law within the State of Arkansas.

Endean prepared and signed a provisional patent application on behalf of his client Plaintiff Pyle, and submitted it to the U.S. Patent and Trademark Office although he was not a registered patent attorney or patent agent, and such actions are in violation of 37 C.F.R. § 11.10(a). These acts by Endean constitute the unauthorized practice of law before the U.S Patent and Trademark Office.

Although expressly engaged to do so and paid for their services, Endean failed to perform a competent patent search on Plaintiff's invention, Mailcall. If such competent patent search had been performed Defendants would could have advised Plaintiff upon the prospects for patentability of the invention, or would have advised Plaintiff that the invention was not patentable based upon the prior art or other requirements for patenting an invention. By failing to perform a competent patent search, Endean duped Plaintiff into filing of a provisional patent application without justification and charged exorbitant fees for performing the work of a patent attorney.

Endean failed to counsel Pyle adequately concerning the need to file a utility patent application to obtain any protection whatsoever to stop others from making, using or selling the claimed invention. Endean failed to file or have filed by a compctent patent attorney, a utility patent application on behalf of Pyle or to encourage Pyle to seek patent counsel. Inventions similar to the Mailcall invention of Plaintiff are now found in the market.

Endean's marketing activities and representations to clients such as Plaintiff Pyle were part of a scheme to defraud uninformed clients who rely upon his professional patent services.

As a result of such acts and omissions of Endean in the unauthorized practice of law, Pyle has suffered actual damages, costs and attorneys fees.

Endean has worked as an employee or independent contractor for several invention promotion businesses. Endean acknowledged that neither he nor Century Associates had ever been successful in obtaining the licensing of any invention to a manufacturer. The requirements of the Inventor Protection Act of 1999 were specifically enacted to avoid this type of deception.

Pyle has alleged that Endean engaged in a scheme to defraud low-income individuals who are unsophisticated in legal, technological and business skills and who seek professional assistance in the patenting, development and marketing of their inventions. Pyle has alleged that Endean preyed upon these prospective clients by representing to them that they will obtain patent protection for the clients' inventions, although Endean lacks the professional skill, training and licensing to provide competent legal services to the clients.

Endean prepared unregistered securities documents in the form of the Limited Offering and the Investment Agreement without adequate disclosure to Pyle or to the investors that there was little or no likelihood that either Pyle or the investors would recover the fees being paid to Endean for the patent services that were worthless. By doing so, Endean harmed not only on his client, Pyle, but also on the Pyle's friends and family members who were recruited to invest in the invention that was known by Defendants or should have been known by Endean to have no value.

Endean harmed Pyle by deceiving Pyle into believing that his Mailcall invention was valuable based upon a patentability search that was never performed and actual patent protection that was never perfected. Endean led on Pyle through his representations and promises in order

to continue receiving exorbitant fees for legal services that were insufficient to give Plaintiff any enforceable rights.

The actions of Endean are unconscionable in that they take scarce funds away from persons least likely to afford such expenditures and by encouraging their clients to drag in friends and family members as investors in a dubious investment.

Endean engaged in false or deceptive advertising by suggesting that Century Associates is licensed or registered to represent inventors in the prosecution of patent applications before the U.S Patent and Trademark Office. Endean engaged in false or deceptive advertising by suggesting that Century Associates is a member in good standing of the South Florida Better Business Bureau, although it is not a member and complaints have been previously filed against Century Associates to such organization.

## JUDGMENT AND AWARD

**IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiff is entitled to damages, costs and attorneys' fees pursuant to 35 U.S.C. § 297(b), 15 U.S.C. §1125, Ark. Code Ann. § 16-22-308 and Ark. Code Ann. § 4-88-107.

**WHEREFORE**, Plaintiff is awarded the following relief:

A.   Defendant Russell R. Endean (a/k/a Richard R. Stone and "Century Associates"), his agents and employees and those acting in concert therewith are permanently enjoined from advertising, offering or performing services within the State of Arkansas, or for any client within the State of Arkansas, related to patent promotion, patent protection, invention development or similar services;

B. Defendant Russell R. Endean (a/k/a Richard R. Stone and "Century Associates") is ordered to pay Plaintiff Pyle damages in the sum of $150,000;

C. Defendant Russell R. Endean (a/k/a Richard R. Stone and "Century Associates") is ordered to pay Plaintiff Pyle costs and reasonable attorneys fees of $35,000, for a total judgment of $185,000 together, which shall bear interest at the rate of .43 percent per annum until paid in full.

D. The Court finds that Defendant's actions caused willful and malicious injuries to the Plaintiff within the meaning of 11 U.S.C. §523(a)(6).

**PROVIDED HOWEVER, BY AGREEMENT OF THE PARTIES**, if Defendant shall pay to the Speed Law Firm Trust Account (1) $800 immediately upon execution by the parties of this Consent Judgment; (2) $700 monthly by the 30th day of each month for sixty eight (68) consecutive months beginning January 30, 2009; and (3) a final payment of $400 on the 30th day of the 69th consecutive month, for total cash payments of $48,800, the balance of the monetary judgment of $185,000 plus interest shall be deemed satisfied. If Defendant shall fail to make any payment timely, the balance due plus accrued interest, shall immediately be due and payable and this paragraph shall be null and void.

Ordered: January 22, 2009

UNITED STATES DISTRICT COURT

_____
Hon. Robert A. Dawson, District Judge

U. S. DISTRICT COURT
ESTERN DISTRICT ARKANSAS
FILED

JAN 22 2009

CHRIS R. JOHNSON, CLERK

BY _____
DEPUTY CLERK

RICCI B. PYLE, SR.
BY HIS ATTORNEY

_____
Gary N. Speed

RUSSELL R. ENDEAN

_____  1-5-2009
RUSSELL R. ENDEAN

RICHARD R. STONE

By: _____  1-5-2009
    RUSSELL R. ENDEAN

CENTURY ASSOCIATES

By: _____  1-5-2009
    RUSSELL R. ENDEAN